E-FILED
Tuesday, 30 August, 2016 10:33:57 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

Frederick S. Harris, # B-13832,
    Plaintiff,

    vs.

NICHOLAS MOLENERO, et al,
c/o: WILSON; c/o MACLENAHAN;
SUSAN PRENTICE; GUY D. PIERCE;
JOHN BALDWIN; TRAVIS BAYLOR;
ANDREW TILDEN; KRISTI ESCHELMAN
and STEPHANIE SCHERTZ,
    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

COMPLAINT

SCANNED at PCC and E-Mailed
8/30/16 (date) by BS (initials)
29 (# of pages)

## PRELIMINARY STATEMENT

1. This is a civil rights action filed by Frederick S. Harris, a state prisoner, for damages under 42 U.S.C. §1983, alleging failure to protect and denial of adequate medical care in violation of the Eighth Amendment of the United States Constitution. Plaintiff also alleges the torts of negligence and malpractice.

## JURISDICTION & VENUE

2. The Court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional rights under 42 U.S.C. §§ 1331(a) and 1343.

3. The Court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367.

4. The central district is the appropriate venue under 28 U.S.C. §1391(b)(2) because it is where the events giving rise to this lawsuit occurred.

_PARTIES_

5. Plaintiff, Fredrick S. Harris was incarcerated at Pontiac Correctional Center ("Pontiac") during the events discribed in this complaint;

6. Defendant Nicholas Molenero is a correctional officer at Pontiac employed by the State of Illinois. He is sued in his individual capacity;

7. Defendants Wilson and Moclenahan are correctional officers at Pontiac whose first names are presently unknown to Plaintiff. They are sued in their individual capacities;

8. Defendant Susan Prentice is a correctional Major who is the North Segregation Unit Supervisor at Pontiac. She is sued in her individual capacity;

9. Defendant Guy D. Pierce is the former Chief Administrative Officer/Warden at Pontiac. He is sued in his individual capacity;

10. Defendant Travis Baylor is a correctional Counselor at Pontiac. He is sued in his individual capacity;

11. Defendant John Baldwin is the Director of the Illinois Department of Corrections ("IDOC") and is responsible for emplimenting and enforcing rules and regulations for the protection of the person and property of both staff and offenders of IDOC. He is sued in his individual and official capacities;

12. Defendant Andrew Tilder is the facility medical director at Pontiac. He is sued in his individual capacity;

13. Defendant Kristi Eschelman is a correctional medical technician at Pontiac. She is sued in her individual capacity;

14. Defendant Stephanie Scherle is a registered nurse at Pontiac. She is sued in her individual capacity.

## FACTS

15. On November 22, 2015, Plaintiff was being housed on seven (7) gallery in cell # 735 in the North Segregation Unit at Pontiac. That day, offender Jaki Bell, # M19689 threatened to assault me. Because I knew Bell's history, I took the threat serious and sent a message to Counselor Travis Baylor, informing him of the threat and requesting intervention and protection. See Exhibit (A) appended here to.

16. On November 23, 2015, Defendant Molenero approached my cell and ordered me to "cuff up" so I could be taken down stairs to have some legal documents notarized. I told him that it was unusual to be taken out of my cell to get a notary, the notary usually comes to my cell to notarize my papers. Mr. Molenero said, "not today, if you want a notary, you gotta come out your cell."

17. After I complied with his order to "cuff up," I informed Mr. Molenero that offender Bell (who was only a couple of cells away in cell # 737) had threatened to "Blast"[1] me.[2] Mr. Molener then said, "sucks to be you" and ordered me to walk several paces ahead of him so he wouldn't get "Blasted" too.

---

[1] Because of it's population, Pontiac is a unique prison in Illinois. Pontiac houses administrative detention, disciplinary segregation, protective custody and mental health populations. See the John Howard Association's 2015 Pontiac monitor report available at http://the.jha.org/Pontiac.

[2] Because of the environment, Pontiac has created a culture in it's "segregation units" where offenders often assault guards and one-another by throwing "liquified feces" that is sometimes mixed with urine, soap, semen and shaving cream. This practice is referred to as "Blasting" someone or being "blasted".

3.

18. Although being "shackled" (which is a policy in the North Segregation Unit) I was able to run pass Offender Bell's cell on the way down. However, when I was returning to my cell, Bell "blasted" me with "liquified feces." He was actually able to hit me with two (2) full milk cartons full of the substance because I couldn't move because I was shackled at the ankles. The substance got all over my upper body, in my face, hair, mouth and eyes, which started burning almost instantly.

19. After I got "blasted," I told Mr. Molenero that I couldn't see and that my eyes were burning. He then escorted me to a sink to allow me to try to rinse my eyes out. But the burning continued...

20. While at the sink rinsing my eyes out, Major Shell and Lieutenant Boland approached us and asked "what happened?" Mr. Molenero and I explained that offender Bell had "blasted" me. Mr. Shell then ordered Mr. Ross (another officer) to put me in the shower, and he ordered Lt. Boland to call medical. Bell was moved back to one (1) gallery and written a disciplinary ticket for assault.

21. Even after I took a shower, my eyes were still burning and irritated. Defendant Kristi Eschleman used a "squeeze bottle" to flush my eyes out. She used so much force I told her to stop a couple times and I told her she was doing it "too hard." I said I wanted to see a doctor and she said "I already talked to Dr. Tilden, there's nothing they can do for this. It's too expensive to send you to the hospital to take care of this. You just have to suffer for a few days. You're not gonna die.!"

22. When I woke up the next morning, November 24, 2015, my vision was really blurry and my eyes were sore and irritated. It felt like something was stuck in my left eye. I attempted to give Defendant Sherf¹ a P86 form (Request for payment) and I requested she submit me in to see the eye doctor

¹ It was the policy of Pontiac to stop the nurse or med-tech when they tour the cellhouse and to request non-emergency medical care by giving them a P86 form (Request for payment) and requesting medical care.

4.

as she was doing her med-pass. Ms. Sherte called me a "pathological liar" and said, "Kristi already rinsed your eyes out, there's nothing wrong with your eye."

23. I then filed a grievance and for the next several days I verbally asked every nurse and med-tech to put me in to see the doctor. However, I was not seen by the eye doctor until more than (30) days later on December 31, 2015. At that time, it was discovered that my eye lens implant that had previously been put in was "dislocated," which was causing the blurred vision and discomfort. See exhibit (B). I was then referred back to Dr. Chittaranjan V. Reddy, MD of Central Illinois Retina Consultants who would eventually do surgery to replace the "dislocated" lens implant. Id.

24. A few weeks prior to the assault, Ms. Moclenahan had announced on the intercom that Joki Bell was being moved from one(1) gallery up to seven(7) gallery. I explained to the gallery officer Defendant Wilson, that offender Bell is "fickle" and "unstable" and that he has an "extensive" history of assaulting both staff and other prisoners by throwing feces. Mr. Wilson stated that he knew Bell's history but did not care as long as Bell didn't throw anything on him. When I asked Wilson why Bell was being moved from one(1) gallery where its harder for him to assault anyone, he stated "That's up to Major Prentice."

---

¹ The relief I requested in my grievance was to see the eye doctor and to be treated if necessary. See exhibit (A). After the grievance was filed, I was seen by the eye doctor and treated, even though the grievance office never responded to my grievance. Id.

25. Major Susan Prentice was the North Segregation Unit supervisor. She allowed offender Bell to be moved from one(1) gallery where he was "isolated" up to seven(7) gallery where he was in a position to assault me, despite the fact that she personally knew Bell's history and knew Bell had assaulted "multiple" people, both staff and other prisoners by throwing feces.

26. Guy D. Pierce was the Chief Administrative officer/warden at Pontiac. He was personally aware of Mr. Bell's history and of the fact that Bell and numerous other offenders in Pontiac have and continue to assault multiple people by throwing feces. Yet, he still allowed Bell to be put in a position where he could assault me, he took no reasonable steps to eliminate the substantial risk he knew about. Neither did John Baldwin, the Director of the Illinois Department of Corrections. He also knew about the substantial risk in Pontiac and took no reasonable steps to eliminate the risk.

## LEGAL CLAIMS

27. Defendants: Molenero, Wilson, Maclenahan, Prentice, Pierce, Baylor and Baldwin each displayed "deliberate indifference" and reckless disregard for Plaintiff's safety by failing to act "reasonably" in response to an obvious risk in violation of the Eighth Amendment of the United States Constitution.

a). Not only did Plaintiff actually warn Molenero and Baylor that Bell threatened to assault me, both Baylor and Molenero knew Bell's history and knew the culture in Pontiac is one where these types of assaults occur frequently.

b). Wilson, Maclenahan and Prentice all personally knew Bell's history and still put him in a position where he could assault me as opposed to keeping him "isolated" on one(1)

6.

gallery where he had been prior to assaulting me.

e). Defendants Pierce and Baldwin failed to take reasonable steps, such as embrace policies which may have prevented this assault, even though the threat of these types of assaults is so substantial and pervasive at Pontiac they're considered "common" and "uncontrolled." Additionally, the North segregation Unit "policy" of shackling our ankles hindered my escape.

28. Defendants Tilden, Eschleman and Scherte each displayed "deliberate indifference" to Plaintiff's serious medical condition in violation of the Eight Amendment of the United States Constitution. Additionally, they all displayed negligence and malpractice in violation of state law.

a). Despite the fact that Defendant Eschleman responded to the scene and flushed Plaintiff's eyes out, when Plaintiff continued to complain of burning and blurred vision, Plaintiff should have been referred to a doctor or eye specialist. See Health: Skills for Wellness Textbook (pgs. 709, 711,) published by Prentic Hall (2001) available at www.phschool.com.

b). Additionally, Mr. Eschleman failed to take reasonable care "flushing" out my eyes and may have exacerbated my injury using a "squeese bottle."

c). Defendant Scherte accused Plaintiff of being a "pathological liar" and refused to refer Plaintiff to a doctor or eye specialist, even though Plaintiff's eye was visably red and irritated, and Plaintiff had complained of blurred vision and discomfort.

d). Dr. Tilden was made aware of my concerns and condition but refused to see me or send me to the hospital. Considering the fact that when Plaintiff was finally examined by the eye doctor, it was discovered

that Plaintiff's lens implant was "dislocated" requiring surgery, these defendants are liable.

PRAYER FOR RELIEF.

29. WHEREFORE, Plaintiff, Frederick S. Harris respectfully prays that this honorable Court enter judgment, granting Plaintiff:

a). Compensatory damages as follows:

i. $25,000. Jointly and severally against Defendants Molenero and Baylor for failure to protect Plaintiff from Bell's assault even after Plaintiff had warned them about Bell's threat.

ii. $10,000. Jointly and severally against Defendants Wilson, Maclenahan, Prentice, Pierce and Baldwin for failing to take reasonable steps to eliminate the substantial risk to Plaintiff's safety.

iii. $100,000. Jointly and severally against Defendants Tilden, Eschleman and Scherte for failing to provide adequate medical care after the assault.

b). Punitive damages as follows:

i. $50,000. each against Defendants Molenero and Baylor.

ii. $10,000. each against Defendants Wilson, Maclenahan, Prentice, Pierce and Baldwin;

iii. $50,000 each against Defendants Tilden, Eschleman and Scherte.

IV. Plaintiff's costs in this suit

V. Any additional relief the Court deems just, reasonable, equitable.


DATE

Respectfully submitted

Frederick S. Harris
Frederick S. Harris, #B-13832
Pontiac Correctional Center
P.O. Box 99
Pontiac, Illinois. 61764-0099



VERIFICATION

I have read the forgoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and correct.

Executed at Pontiac, Illinois on

APPENDIX

## INDEX TO THE APPENDIX

### Exhibit A:

• letter from Plaintiff to Counselor Baylor (dated November 23, 2015) regarding Plaintiff's letter informing Baylor that Bell had threatened me, containing Baylor's response. . . . . . . . . . . . A 1

• Plaintiff's November 24, 2015 (failure to protect/deliberate Indifference grievance containing Baylor's response (dated Dec. 4, 2015). . . . . . . A 2

• Undated response from Baylor informing Plaintiff that the grievance office received Plaintiff's failure to protect grievance prior to Plaintiff being moved from the North Segregation Unit (NSU) to the West segregation Unit. . . . . . . . . . . . . . . . . . A 3

• May, 11, 2016 letter from Plaintiff to Counselor Jamie Simmons inquiring about the status of my November 24, 2015 failure to protect grievance containing the response from the grievance office indicating the grievance officer did not have my November 24, 2015 failure to protect grievance. . . . . . . . . . . . . . . . . . . . . . . . . A 4

• May 20, 2016 letter from Plaintiff to Counselor Simmons (again) inquiring about my November 24, 2015 failure to protect grievance. . . . A5

• Undated message from Baylor regarding video footage of the November 23, 2015 assault. . . . . . . . . . . . . . A 6

### Exhibit B:

• Plaintiff's medical records from Dr. Chittoranjan's office. . . . . . . B1

From: Counselor Baylor

To: Frederick S. Harris, #B-12802 (N-725) GA

Date: Nov 23 2015

Re: Unanswered kite

Mr. Baylor,

On Sunday 11/22/15 I mailed you a kite telling you that I was threatened by Inmate Bell, they did you put response to my kite? Don't play games with Mr. Baylor (he always repeats you. I need you to copy that kite and send me a response. Thank you —

Your request was forwarded on. I do not keep/make copies

EXHIBIT
B

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## OFFENDER'S GRIEVANCE

| Date: November 24, 2015 | Offender: Frederick S. Harris (Please Print) | ID#: B-13832 |
|---|---|---|

| Present Facility: Pontiac Corr. Ctr. | Facility where grievance issue occurred: Pontiac Corr. Ctr. |
|---|---|

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] HIPAA
- [x] Other (specify): Failure to Protect / Deliberate Indifference

- [ ] Disciplinary Report: ____/____/____ Date of Report _____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): This grievance is being written against Pontiac Corr. Ctr. administration; including and not limited to Guy S. Pierre S.[Chief Admin. Off.], Mr. Hobart[Asst. Warden], Michael Melvin[Asst. Warden], Mr. Susan Prentice[North Cellhouse Supervisor], Correctional officers: Wilson and Melanen of the 7-3 shift as well as medical personnel Dr. Andrew Tilden[Medical Director], Heidi Eschelman[CMT] and Stephanie Schartel[RN] for failure to protect, reckless endangerment, and deliberate indifference in violation of Department rules, state law, and the U.S. Constitution.

Yesterday, November 23, 2015 I was assaulted by another inmate (Jake Bell#M18489) who threw feces mixed with (cast as bodies side.)

**Relief Requested:** I request to be examined by the Eye doctor and treated if necessary

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| _Frederick S. Harris_ Offender's Signature | B-13832 ID# | 11/24/15 Date |
|---|---|---|

*(Continue on reverse side if necessary)*

Copied 11-24-15

---

### Counselor's Response (If applicable)

| Date Received: 12/1/15 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** C/o Wilson contacted, stated "He never told me anything about Bell". C/o Melanen contacted stated: "I had no idea anything was going to happen".

TO3c/o.

| Print Counselor's Name | _Tina B___ _ Counselor's Signature | 12/4/15 Date of Response |
|---|---|---|

Copied 12/31/15

---

### EMERGENCY REVIEW

| Date Received: ____/____/____ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |
|---|---|---|

| Chief Administrative Officer's Signature | ____/____/____ Date |
|---|---|

an unknown liquid substance into my face as I walked pass his cell (N 737) in the North Segregation Cell house here at Pontiac Corr. Ctr. The substance got into my eyes causing temporary blindness, burning and swelling. I needed medical treatment.

Before this incident occurred, I verbally told C/o Melbourne that Bell had threatened me the night before. I had also sent the Counselor Travis Bayler a kite also informing him of the threat and requesting intervention. However, C/o Melbourne simply stated "well to be you." and insisted that I walk in front of him so he would not be assaulted too.

Additionally, a few weeks ago, prior to this incident officer Mr. Maclanahan announced that offender Bell was being moved to 7 gallery from 1 gallery. I told C/o Wilton not to put Bell in the area. I explained that Bell is mentally unstable and has a history of throwing feces and other things at both Corr. Off.'s and inmates through the door. C/o Wilton responded by saying that he knew Bell's history but did not care as long as Bell did not throw anything on him.

After I was assaulted I was allowed to take a shower. But it took several minutes. I complained to staff that my eyes were burning. Medical Technician Kristi Eccleton came and rinsed my eyes out but the burning continued. I asked her for further treatment but she said there was no treatment for this. She said she had already talked to Dr. Tilden and he said there is nothing they will do. Today I woke up and my eyes still hurt and my vision is blurry. I tried to stop Nurse Stephanie but she refused to stop. I told her my eyes were still hurting. But she refused to put me in to see the "Eye doctor."

Finally, Pontiac Corr. Ctr. has created an environment where these types of assaults happen frequently. Staff don't do anything to prevent these assaults because they're concerned about their own health and safety. The administration continues to put us at risk by failing to isolate these individuals like Bell who repeatedly assault people by throwing feces and other liquid substances through the perforated cell doors, instead of keeping these inmates who have a history of doing this behind the solid door or plexiglass, even though the administration know these inmates pose a threat to others. This is in clear violation of my Eighth Amendment right under the U.S. Constitution.

Today C/o Wilton said that all the staff were in the office with Maj. Prentice watching the video of the assault, laughing at it! They should be trying to figure out a way to stop this kind of thing from happening.  End of Grievance.

From: Counselor Bayler       On ___ / ___ / ___       you were submitted / reviewed for the following:

_____ _____

Grade: _____; GCC _____; Seg. Cut: _____ Priv. Rest. _____ Next Date to Submit: ___ / ___ / ___ Out Date: ___ / ___ / ___

Pending Revocation: _____ N/C ends: ___ / ___ / ___ N/Y ends: ___ / ___ / ___ No A/V ends: ___ / ___ / ___

Date to B: ___ / ___ / ___ Seg Out Date: ___ / ___ / ___; Trust Balance: _____

Escape Risk Change/Rationale: _____

Parole Host(s) and status: _____ Copy: Phone List - Visit List - Visit Sched. – Disc. Hist

Correspondence with: _____

Warrants/ Pending Prosecutions: _____ Grievance office Contacted. They do have your Nov failure to Protect Grievance.

Clarié,

To reply to your response to my request that you shred into the shreds of a grievance I sent to the G.O. but have never got a response forward. The grievance was a failure to protect live against security for failing to protect me from an inmate assault. The grievance was dated Nov. 27, 2015. The counselor Baylee responded in late Nov. early Dec. and I sent it into the G.O. in Dec. 2015.

In written several letters to the G.O. but they're not responding to my requests. Chief into this for me could you? Thank God... You're the great Clarié (:

Only issues received in 2015 were methods and Discip. Only correspondence sent from you pertained to Disciplinary and who addressed with a response in March of 2016.

DATE: May 20, 2016
RE: Response/More specific info.

Dianne,

Sorry, that's my best, not being specific e-nuff. Look, theres two (2) grievances missing.

The first grievance is dated Nov. 2015. The Nature of the Grievance is "Failure to Protect/Deliberate Indifference." I received the counselor's response dated 12/1/15. I made copies of his response on 12/11/15 and sent the original to the grievance office the same 12/11/15. (After two weeks later I asked counselor Boylson to check to see if the G.O. got that grievance and he said they had, but I have never got a response from the G.O.!).

The second grievance was written May 1, 2016 and mailed to the G.O. on the next day May 2, 2016. The Nature of the grievance is (Disciplinary) relating to my last ticket and Adj. Comm. Hearing of —Sanctions. ticket # 201600118/1. I sent a note with that grievance asking the G.O. to let me know if they received my grievance, they did not write back. I have since written a few times but they're acting like they don't hear it, where is it then?

RECEIVED

No Staff ever replied
grievances in 2015.

To: _Harris_ _____ # _Ø/3632_ _____ Cell _N504_

From: Counselor Bayler   On ___/___/___   you were submitted / reviewed for the following:

Grade: ___ : GCC ___ ; Seg Cut: ___ Priv. Rest ___ Next Date to Submit: ___/___  Out Date: ___

Pending/Revocation: ___ N/C ends: ___/___/___   N/Y ends: ___/___/___   No A/V ends: ___/___/

Date to B: ___/___/___   Seg Out Date: ___/___/___ ; Trust Balance: ___

Escape Risk Change/Rationale: ___ Copy: Phone List - Visit List - Visit Sched. – Disc. Hist.

Parole Host(s) and status: ___

Correspondence with: ___

Warrants/ Pending Prosecutions: ___ c/o Perce Contacted about footage. Stated "we will
call him over to talk about it";

___

___

DCA 32194 IL 426-17782 P912C (Eff. 3/01)

Retina Consultants of Central Illinois
Chittaranjan Reddy, M.D.
3310 Chartwell Rd.
Peoria, IL 61614

Date: 5/18/16

I _Frederick Harris_ authorize Dr. _Reddy_ to release
of my medical records to _700 W. Lincoln_
_PO BOX 99_     _Pontiac  61764-0099_

Patient's Name: _Frederick Harris_
Patient's SS#: _364 - 74 - 4791_

Patient's Signature: _____

Pontiac Correctional Ctr
#B13832
700 W Lincoln
PO Box 99
Pontiac, IL  61764-0099

DOB 7-21-1973
MSR 6-21-2024
SS 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

2-25-16
1:00 pm
047818569

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Medical Special Services Referral and Report**

PONTIAC
(Facility)

Offender's Name: HARRIS, FREDERICK          ID# B 13832

Reason for Referral:  ☐ Consult   ☐ Non-Formulary Medications   ☐ Medical Equipment
☒ Evaluation   ☐ Management
☐ Procedure/service (specify) _Retina_
☐ Other (specify) _____

Urgent: ☐ Yes  ☒ No

Referred to: _Central Illinois Retina. 1302 FRANKLIN Normal, Il._    Ste 3500  309-452-3216

Rationale for Referral: _Bilateral Retinal detachment with left scleral buckle in 2014. Last evaluation 4/27/15 and was to return in 6 months. Now IOL is dislocated interiorly into anterior chamber._

_Need Retina and IOL evaluation and management_

P.H. Kehoe, OD, FAAO
Print Referring Practitioner's Name

_[signature]_
Referring Practitioner's Signature

12/31/15
Date

**Report of Referral (Use Reverse Side, if necessary)**

Findings: _Anterior dislocated IOL with iris capture_

Assessment: _Retinal Examination_

Recommendations/Plans: _Vitrectomy IOL Exchange left Eye prior to surgery, patient will need to have IOL calculation done at another facility that we will need to set up after surgery is approved._

_[Print Practitioner's Name signature]_
MD
Print Practitioner's Name

_[signature]_
Practitioner's Signature

2/25/16
Date

**Facility Medical Director Use Only**
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

_____
Print Facility Medical Director's Name

_____
Facility Medical Director's Signature

_____
Date

Distribution: Offender's Medical File, and
if denied/revised, Health Care Unit Administrator          Page 1 of 1          DOC 0254 (Eff.4/2007)
(Replaces DC 7105)

1/16
faxed to Melissa 1815) 842-3127

**Name:** Harris, Frederick   **Date:** 2/25/16   **Med Changes:**

**CC/HPI:** 42 y/o (M)/F   NEW PROBLEM Ref. Back.   ∅Δ5
Pt states VA has been blurred since Nov. 23rd   **Eye Meds:**
when pt got hit in the eye. mild discomfort only   ∅gtts

**ROS:** ∅n∅t

V so(c)e  OD: 20  OD: 13   T___ OS: 14   **Affect:** pleasant
OS: 80   **Dilate:** ph w/ trop-   **Neuro:** A&Ox 4

**NM**   **Motility:**   **Align:** No APD   **VF:**   **External:**

**Pupils:**

| SLE: | OD | OS |
|------|-----|-----|
| L/L | normal | normal |
| Conjunctiva | quiet | quiet |
| Cornea | clear | clear |
| AC | D&Q | D&Q |
| Iris | normal | normal |
| Lens | | |
| Anterior Vitreous | quiet | quiet |
| Extended Ophthalmoscopy | (78D/20D/28D) | |

IOL -
1 iris

**Cup/Disc:** _____/_____

**OCT:**

**Photo/FFA:**
**B-scan:**

**Impression/Plan:**

**Reviewed:**
__Findings
__Amsler grid changes
__Diet/Anti-oxidants
__S&S of infection
__S&S of tear/RD
__Treatment options
__R&B of procedure
__Call if vision change

**Procedures:**
Laser OD/OS
Focal/PRP/Tear/RD/RB
Other:
Intravit. Inj. OD/OS
Avastin/Eylea/steroid
0.05 cc with 27g
Topical betadine
3.5% lidocaine gel
**Complications:**

CF H
4/11/16   6 hr.
◎ 1010   appt
IOL Exc OS


**ILLINOIS eye** CENTER

Date of Request: 3/17/16

*Pontiac Correctional CTR*

**Patient Consultation Form**

Patient Name: Harris, Frederick     DOB: 7/2/73

Parent or Guardian Name (if patient is a minor): _____

Patient Address: 700 W. Lincoln St Pontiac IL 61764 Pontiac Correctional

City: Pontiac    State: IL    Zip Code: 61764   CTR

Home Phone: (815) 842-2816 ~~Alternate Number: (~~    Cell Phone: ( )
ATTN: Melissa Medical Rec Ext: 2673

Primary Insurance Provider: Wexford

Date of Last Humphrey Visual Field (glaucoma consults only): _____

**Consultation Information**
Name of Requesting Doctor: Chittavanje Reddy    NPI Number: 1992737054

Practice Name (if applicable): Retina Consultants of Central IL

Telephone Number: (309) 693-2249    Fax Number: (309) 693-2583

I am sending this patient to you for assistance with his/her care. Please evaluate this patient's problem(s) or
condition(s) [describe] A Consult for
IOL Calculations prior to Surgery with Dr. Reddy
AC 115.3    Surgery Sched for 4/11/16 @ 10:00 Am

and consider treatment as appropriate. I look forward to receiving your opinion and advice regarding care of
this patient, and will resume general care following your consultation.

✱ Please Schedule the
✱ morning of surgery if possible
Sx: 4/11/16
@10:00

*C Reddy MD / KwiOsor*
Requesting Doctor Signature

**Referring To (check one):**
- [ ] Thomas Wyman, M.D.
- [ ] Steven Sicher, M.D.
- [ ] Pete Lagouros, M.D.
- [ ] Patrick Rhode, M.D.

- [ ] Jean Vahey, M.D.
- [ ] Catherine Culte, M.D.
- [ ] Yannis Kolettis, M.D.
- [ ] Steve Lichtenstein, M.D.

- [ ] Quentin Allen, M.D.
- [ ] Next Available M.D.
- [ ] Donald Buehler, O.D.
- [ ] Thomas Kirchgessner, O.D.
- [ ] Next Available O.D.

Appointment needed within: _____ DAYS _____ WEEKS _____ MONTHS

*We try to accommodate all appointments within the timeline requested but there are occasions when the doctors are not available. We
will contact you if this occurs to discuss alternatives.

**Requesting physician: Please keep original in patient's chart and fax completed forms to Patient Referral
Representative at Illinois Eye Center (309) 243-7936. Representative can be reached via phone at (309) 243-2400.**
*******************************************************************************

To be completed by Illinois Eye Center and faxed to Requesting Doctor.

Appointment With: I 62    Appointment Date: 4-11-16

Appointment Time: 7:30 Am    Appointment Location: 8921 N. Wood Sage Road, Peoria

*The information contained in the transmission above is confidential and protected by the physician-patient privilege. It is intended only for the use of the individual identified
above. If the reader of this message is not the intended recipient you are hereby notified that any dissemination or distribution of the accompanying communication is
prohibited. The physician-patient privilege is not waived by the parties sending the accompanying documents. If you have received this communication in error, please notify us
immediately by telephone collect. THANK YOU!*

Illinois Eye Center   8921 N. Wood Sage Road   Peoria, IL 61615   Phone: (309) 243-2400   Fax: (309) ███

FAXED
3/22/16

HARRIS,FREDERICK
Patient Location: CFH/ASC/LLC
Account #: 48556
DOB:

REPORT OF OPERATION
Page 1 of 2

D.04/11/2016 10:15:12
T. 04/11/2016 10:23:11
Dictator: CHITTARANJAN V REDDY

**REPORT OF OPERATION**

DATE OF SURGERY:  04/11/2016

PREOPERATIVE DIAGNOSIS:            Dislocated intraocular lens and posterior
                                   synechiae, left eye.

POSTOPERATIVE DIAGNOSIS:           Dislocated intraocular lens and posterior
                                   synechiae, left eye.

SURGEON:                           Chittaranjan V. Reddy, M.D.

OPERATION:                         PARS PLANA VITRECTOMY, POSTERIOR
                                   SYNECHIALYSIS, AND INTRAOCULAR LENS
                                   EXCHANGE, LEFT EYE.

ANESTHESIA:                        Monitored intravenous anesthesia.


PROCEDURE:  After informed consent was obtained, the patient was taken to the Preoperative
Holding Area where a peribulbar injection of lidocaine and bupivacaine were given to
produce adequate anesthesia and akinesia of the left eye.  The patient was taken to the
Operating Room where the left eye was prepped and draped in the usual sterile fashion.  A
three-port pars plana vitrectomy setup was created.  Following this, minimal remaining
peripheral vitreous was removed.  A corneoscleral groove was fashioned near the superior
limbus, and the dislocated PCIOL was carefully removed, with care to not further damage
the posterior capsule.  The intraocular lens was carefully removed.  Following this,
posterior synechiae were then carefully lysed with sharp dissection.  Healon was injected
into the anterior chamber followed by the insertion of an Alcon model #MA50BM, 25.0
diopter lens.  The intraocular lens was dialed into central position.  The corneoscleral
groove was closed with 10-0 nylon.  The Healon was removed with gentle aspiration.  The
light pipe and microvitrectomy instrument were introduced, and minimal intravitreal
pigment was removed without difficulty.  Examination of the fundus revealed a completely
attached retina with a good buckle 360 degrees.  The superior conjunctiva was closed with
7-0 Vicryl.  The trocars were removed, and the eye was found to be fluid tight.
Subconjunctival injections of vancomycin and Decadron were given.  TobraDex and a light
patch and a Fox shield were placed over the operative eye.  The patient tolerated the
procedure well, and there were no complications.

                                                          Job # 5933842
                                                                      tra

Version Date: 04/11/2016 10:23:11
tra
DocID: 2597643

DOB 7-21-1973
MSR 6.21-2024
SS 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

4.12.16

ILLINOIS DEPARTMENT OF CORRECTIONS
**Medical Special Services Referral and Report**   388477579   8:45 Am

_____Pontiac_____
(Facility)

Offender's Name: Harris Frederick          ID# B13838

Reason for Referral:   ☐ Consult        ☐ Non-Formulary Medications   ☐ Medical Equipment
                       ☒ Evaluation      ☐ Management          F/u
                       ☐ Procedure/service (specify) _____
                       ☐ Other (specify) _____

Urgent: ☐ Yes  ☒ No                    Normal IL 309-452-3216
Referred to: Retina Consults of Central ILL 1302. Franklin Ave Ste 3500

Rationale for Referral:    s/p Vriectomy L Eye
_____
_____
_____
_____

ANDREW TILDEN, MD
Print Referring Practitioner's Name    Referring Practitioner's Signature    4-6-16
                                                                            Date

**Report of Referral (Use Reverse Side, if necessary)**

Findings: _____
_____
_____

Assessment: 1 Day post-op
_____
_____

Recommendations/Plans: Use tobradex only four times per
day in left eye return in 1 week.
If patient complains of pain patient needs see us sooner.

Chittaranjan V Reddy              CV            4/12/16
Print Practitioner's Name      Practitioner's Signature      Date

**Facility Medical Director Use Only**
I have reviewed the recommendations and:

   ☐ Approve.

   ☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision,
     DOC 0255.

_____          _____          _____
Print Facility Medical Director's Name    Facility Medical Director's Signature    Date

Distribution:  Offender's Medical File, and          Page 1 of 1          DOC 0254 (Eff.4/2007)
if denied/revised, Health Care Unit Administrator                          (Replaces DC 7185)

Name: _Harris, Frederick_   Date: _4/12/16_   Med Changes:
CC/HPI:   y/o M/F   1 Day post op  OS   ⊖ Δ's
pt stats doing OK  Some pain
Tylenol is helping   Eye Meds:
   Tobramycin Qid OS
ROS: Verbal & Written Instructions given to pt- Furlow

OD:
V sc cc  20/ ← F "2"  T   OD: Too Soft   Dilate: Already OS Furlow   Affect: Pleasant
OS: Blurry       OS: Too Soft                        Neuro: A&Ox 4

NM   Motility:        Align:        VF:
     Pupils:         No APD        External:

SLE:          OD                        OS
L/L           normal                   normal
Conjunctiva   quiet                    quiet
Cornea        clear                    clear
AC            D&Q                      D&Q
Iris          normal                   normal
Lens
Anterior Vitreous   quiet              quiet
Extended Ophthalmoscopy  (78D/20D/28D)   Cup/Disc:_____

OCT:

Impression/Plan:

Photo/FFA:
B-scan:

Reviewed:              Procedures:
__Findings             Laser OD/OS
__Amsler grid changes  Focal/PRP/Tear/RD/RB
__Diet/Anti-oxidants   Other:
__S&S of infection     Intravit. Inj. OD/OS
__S&S of tear/RD        Avastin/Eylea/steroid
__Treatment options    0.05 cc with 27g
__R&B of procedure     Topical betadine
__Call if vision change   3.5% lidocaine gel
                       Complications:

DOG 7-21-1973
MSR 6-21-2024
SS 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

4-25-16 2:45 pm

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Medical Special Services Referral and Report** 388477579

Pontiac
_(Facility)_

Offender's Name: Harris Frederick   ID# B13832

Reason for Referral:  ☐ Consult   ☐ Non-Formulary Medications   ☐ Medical Equipment
☒ Evaluation   ☐ Management
☐ Procedure/service (specify) _1 Wk F/u_
☐ Other (specify)

Urgent: ☐ Yes  ☒ No

309-452-3216

Referred to: Retina Consults of Central Illinois 3310 Chartwell Rd
Peoria, IL.

Rationale for Referral: _VITRECTOMY_
S/P ~~Vitrectomy~~ (L) Eye

(1 wk.)

ANDREW TILDEN, MD
Print Referring Practitioner's Name    Referring Practitioner's Signature    Date 4-13-16

**Report of Referral (Use Reverse Side, if necessary)**

Findings: _Full; illumination left eye_

Assessment:

Recommendations/Plans: _Pred Forte Eye drops 1 drop 4 times a day
for 1 wk then use twice a day till next appt. follow up 3 wks
Use Advil as needed_

Chittaranjan V. Reddy
Print Practitioner's Name    Practitioner's Signature    Date 4/25/16

Facility Medical Director Use Only
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision,
DOC 0255.

Print Facility Medical Director's Name    Facility Medical Director's Signature    Date

Name: _Harris, Frederich_   Date: _4/25/16_   Med Changes:

CC/HPI: 42 y/o M/F P LWK flu ⊖

VA about the same - to a little pain Thursday + Friday

Throbbing headache, light sensitive, painful   Eye Meds:

ROS: All Started this morning   Tobramycin GONE AS of Sat

OD:   OD:   Affect: Pleasant

20   OS: 400 (blurry)   T   OS: 1 2   Dilate Phen/trop OS Wilson   Neuro: A&Ox 4

NM   Motility:   Align:   VF:

Pupils:   No APD   External:

| SLE: | OD | OS |
|---|---|---|
| L/L | normal | normal |
| Conjunctiva | quiet | quiet |
| Cornea | clear | clear |
| AC | D&Q | D&Q |
| Iris | normal | normal |
| Lens | | |
| Anterior Vitreous | quiet | quiet |

Extended Ophthalmoscopy   (78D/20D/28D)   Cup/Disc: _____/_____

OCT:

Photo/FFA:
B-scan:

Impression/Plan:

Reviewed:   Procedures:
__Findings   Laser OD/OS
__Amsler grid changes   Focal/PRP/Tear/RD/RB
__Diet/Anti-oxidants   Other:
__S&S of infection   Intravit. Inj. OD/OS
__S&S of tear/RD   Avastin/Eylea/steroid
__Treatment options   0.05 cc with 27g
__R&B of procedure   Topical betadine
__Call if vision change   3.5% lidocaine gel
   Complications:

Add PF Qid OS x 1wk
Then Bid OS

DOB 7-21-1973
NSR 6-21-2024
SS 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

5-18-16
11:00 am
388477579

ILLINOIS DEPARTMENT OF CORRECTIONS
**Medical Special Services Referral and Report**

_Pontiac_
(Facility)

Offender's Name: Harris, Frederick          ID# B13832

Reason for Referral:
☐ Consult        ☐ Non-Formulary Medications   ☐ Medical Equipment
☒ Evaluation     ☐ Management
☐ Procedure/service (specify) _____ 3 wk Flu
☐ Other (specify) _____

Urgent: ☐ Yes  ☒ No

Referred to: Retina Consults of Central Illinois 330 Chartwell Rd Peoria IL    309-452-3246

Rationale for Referral: S/P Vitrectomy ① Eye

Flu 3 wks

Print Referring Practitioner's Name: A. Tilden M)    Referring Practitioner's Signature: _____    Date: 4-27-16

**Report of Referral** (Use Reverse Side, if necessary)

Findings: IOL in place   Retina attached
OCT No Macular edema No Epi-Retinal Membrane
~~and~~ and Cornea Clear

Assessment: ~~IOL in place Cornea~~

Recommendations/Plans: Refract and Decrease Pred forte
Ophthalmic 1 Drop ~~once a day~~ Please check pressure
and call office with results.
follow up in 1 month

Print Practitioner's Name: Chittaranjan V. Reddy    Practitioner's Signature: _____    Date: 5/18/16

Facility Medical Director Use Only
I have reviewed the recommendations and:

☐ Approve.

☐ Deny or revise as indicated on the Notification of Medical Service Referral Denial or Revision, DOC 0255.

Print Facility Medical Director's Name    Facility Medical Director's Signature    Date

Distribution: Offender's Medical File, and
if denied/revised, Health Care Unit Administrator          Page 1 of 1          DOC 0254 (Eff.4/2007)
(Replaces DC 715)

**Name:** Harris, Frederick   **Date:** 5/18/16   **Med Changes:** ⊖ ∆'s

**CC/HPI:** 42 y/o M ⊖   3 WKFU

90 UA is still unchanged   **Eye Meds:** PF Bid OS

No new complaints – Question about irregular pupil

**ROS:**

V sc/cc   OD: 30   OS: 400   T ___ OS: 21 22   **Dilate:** Proutrop OS Mils   **Affect:** Pleasant   **Neuro:** A&Ox 4

NM   **Motility:** Blurry   **Align:** No APD   **VF:**

**Pupils:**   **External:**

| SLE: | OD | | OS |
|---|---|---|---|
| L/L | normal | | normal |
| Conjunctiva | quiet | | quiet |
| Cornea | clear | | clear |
| AC | D&Q | | D&Q |
| Iris | normal | | normal |
| Lens | | | |
| Anterior Vitreous | quiet | | quiet |
| Extended Ophthalmoscopy | (78D/20D/28D) | | |

**Cup/Disc:** ___/___

**OCT:**

**Photo/FFA:**

**B-scan:**

**Impression/Plan:**

F/U – 1 m

| Reviewed: | Procedures: |
|---|---|
| ✓ Findings | Laser OD/OS |
| __ Amsler grid changes | Focal/PRP/Tear/RD/RB |
| __ Diet/Anti-oxidants | Other: |
| __ S&S of infection | Intravit. Inj. OD/OS |
| __ S&S of tear/RD | Avastin/Eylea/steroid |
| __ Treatment options | 0.05 cc with 27g |
| __ R&B of procedure | Topical betadine |
| ✓ Call if vision change | 3.5% lidocaine gel |
| | Complications: |