UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK S. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  No.: 16-cv-1322-MMM |
| | ) |
| NICHOLAS MOLENERO, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW –AMENDED COMPLAINT

Plaintiff, proceeding pro se, files an amended complaint under § 1983 alleging deliberate indifference and failure to protect at the Pontiac Correctional Center. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff's amended complaint realleges that inmate Bell had threatened to "blast" Plaintiff by throwing feces on him. On November 22, 2015, Plaintiff sent a message to counselor, Travis Baylor, informing him of the threat. Later that day, Defendant Molenero came to take Plaintiff downstairs so his legal papers could be notarized. Plaintiff informed Defendant

1

Molenero of Bell's threat.  Plaintiff walked past Bell's cell without incident.  On the return trip, however, Bell allegedly "blasted him" with two milk cartons of liquid feces.

Plaintiff was taken to a sink to rinse off and then taken to the shower.  He was subsequently seen in the medical unit by Defendant Eshelman.  Defendant Eshelman used a squeeze bottle to flush out his eyes.  Plaintiff claimed that his eyes continued to burn and asked to be seen by a doctor.  Defendant Eshelman allegedly told them that she had spoken to Dr. Tilden about him and there was nothing else to be done.  Plaintiff asserts in his amended complaint that he now believes Bell mixed another substance with the feces and that this substance was causing his eyes to burn.

Plaintiff claims that when he awoke the next day, his vision was blurry and that his eyes were sore and irritated.  He asked Defendant Nurse Schertz to schedule him to be seen by an eye doctor, and she refused.  Plaintiff was not seen by an eye doctor until 30 days later.  When he was seen, it was noted that a lens implant in his left eye was dislocated, allegedly resulting in the blurred vision and discomfort.

Plaintiff alleges deliberate indifference against Dr. Tilden, but directs no allegations toward him, so Dr. Tilden is dismissed.  Plaintiff's claim that Defendant Schertz failed to respond to his complaints of blurred vision will go forward.  Plaintiff adds the newly asserted claim that the feces likely contained another substance which caused the burning in his eyes.  It is not clear whether he relayed this to nurse Eshelman but this claim against her will go forward, pending a more fully developed record.

Plaintiff reasserts his claim that Defendants Prentice, Baylor, Pearce, McClanahan, Wilson and Baldwin knew of inmate Bell's propensities and failed to protect him.  Plaintiff claims he sent a letter about Bell's threat to Defendant Baylor.  However, writing a letter

informing an official of unconstitutional conduct does not make the official liable for conduct. *See Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

The claims that Defendants Prentice, Baylor, Pearce, McClanahan, Wilson and Baldwin were liable as they knew that Bell had a history of throwing feces is not enough to establish that they were aware of a specific threat to Plaintiff. *See Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (policymaking defendants should be dismissed if they had only knowledge of general risks of violence rather than a specific risk posed to a particular detainee) (internal citation omitted). The "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison officials. *Miller v. Turner*, 26 Fed.Appx. 560 (7th Cir. 2001). The failure to protect claim will proceed against Defendants Molenero and Baylor, only. Defendants Prentice, Baylor, Pierce, Wilson, McClanahan, and Baldwin are DISMISSED.

**IT IS THEREFORE ORDERED:**

1.    This case shall proceed solely on the alleged failure to protect by Defendants Molenero and Baylor and deliberate indifference by Defendants Schertz and Eshelman. The clerk is to reinstate Kristi Eshelman and Travis Baylor as a Defendant. Defendants Tilden, Prentice, Baylor, Pierce, Wilson, McClanahan and Baldwin were DISMISSED on 12/23/2016. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2.      The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3.      If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4.      Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5.      Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6.      Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

   7.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

   8.   Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

   1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

   2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

   LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

   3/1/2017

_____          s/Michael M. Mihm
ENTERED                MICHAEL M. MIHM
                  UNITED STATES DISTRICT JUDGE