IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FREDERICK S. HARRIS, #B13832, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 16-1322-MMM |
| ) | |
| NICHOLAS MOLINERO, et al., ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

NOW COME Defendants, TRAVIS BAYLER and KRISI ESHLEMAN, by and through their attorney, LISA MADIGAN, Attorney General of the State of Illinois, and hereby provide their answer and affirmative defenses to Plaintiff's Amended Complaint [d/e 16], stating as follows:

ALLEGATIONS[1]

1. Plaintiff alleges that inmate Bell had threatened to "blast" Plaintiff by throwing feces on him. On November 22, 2015, Plaintiff sent a message to counselor, Travis Baylor (sic), informing him of the threat. Later that day, Defendant Molinero came to take Plaintiff downstairs so his legal papers could be notarized. Plaintiff informed Defendant Molinero of Bell's threat. Plaintiff walked past Bell's cell without incident. On the return trip, however, Bell allegedly "blasted him" with two milk cartons of liquid feces.

**RESPONSE:** Defendant Bayler admits that he received a note from Plaintiff concerning a threat against Plaintiff by an inmate Bell. (*See* d/e 16, at 15.) Defendant Bayler lacks knowledge or information as to when he received said note, as the note lacks any indication of date stamping and was not copied or filed by Pontiac staff. Additionally, Defendant Bayler denies that he received the note from Plaintiff or any kite correspondence on Sunday, November 22, 2015, as Defendant

---

[1] Pursuant to Local Rule 16.3(E)(2), Defendants answer the allegations as set forth in the Court's Merit Review Order - Amended Complaint (d/e 18).

Bayler was not working that day. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this Paragraph.

      2.      Plaintiff was taken to a sink to rinse off and then taken to the shower. He was subsequently seen in the medical unit by Defendant Eshelman (sic). Defendant Eshelman (sic) used a squeeze bottle to flush out his eyes. Plaintiff claimed that his eyes continued to burn and asked to be seen by a doctor. Defendant Eshelman (sic) allegedly told them that she had spoken to Dr. Tilden about him and there was nothing else to be done. Plaintiff asserts in his amended complaint that he now believes Bell mixed another substance with the feces and that this substance was causing his eyes to burn.

**RESPONSE:** Defendant Eshleman admits that on November 23, 2015, she attended to Plaintiff in his cell house by flushing his eyes with a pre-filled eye wash from her jump bag. Defendant Eshleman also admits that she had a conversation with Dr. Tilden, in which Dr. Tilden gave her no further orders for treatment of Plaintiff. Defendant Eshleman denies that she attended to Plaintiff in the healthcare unit. Defendant Eshleman lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph.

REQUESTED RELIEF

**RESPONSE:** Defendants deny that Plaintiff is entitled to any relief whatsoever.

JURY DEMAND

**RESPONSE:** Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

**1. Qualified Immunity:** At all relevant times, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

**2. Sovereign Immunity:** Under the Eleventh Amendment, Plaintiff's complaint for monetary damages against Defendants in their official capacity is barred by the doctrine of sovereign immunity.

**3. Failure to Exhaust Administrative Remedies:** Plaintiff filed this lawsuit while in the custody of the Illinois Department of Corrections and has failed to exhaust his administrative remedies prior to the initiation of this cause of action. Plaintiff's claims are therefore barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997.

Respectfully submitted,

TRAVIS BAYLER
and KRISI ESHLEMAN,

Defendants,

Jason R. Adams, #6323540
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-7081 Phone
(217) 524-5091 Fax
Email: jadams@atg.state.il.us

LISA MADIGAN, Illinois Attorney General,

Attorney for Defendants.

By:  s/Jason R. Adams
JASON R. ADAMS
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| FREDERICK S. HARRIS, #B13832, | ) |
| Plaintiff, | ) |
| -vs- | )   No. 16-1322 |
| NICHOLAS MOLENERO, et al., | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2017, the foregoing document, *Answer and Affirmative Defenses*, was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

Frederick S. Harris, #B13832
Pontiac Correctional Center
Inmate Mail/Parcels
Post Office Box 99
Pontiac, Illinois  61764

Respectfully submitted,

  s/Jason R. Adams
Jason R. Adams, #6323540
Assistant Attorney General
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 557-7081 Phone
(217) 524-5091 Fax
Email:  jadams@atg.state.il.us